FILED

2019 DEC 10 P 4:23

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNSEALED PER ORDER OF COURT
12/12/19 alf

~~SEALED~~

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

November 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>CINDY MYDUNG LUU (1),<br>JASON LUU (2),<br><br>                    Defendants. | Case No. 19 CR 4970 JM<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 1594 – Conspiracy; Title 18, U.S.C., Sec. 1581(a) – Peonage; Title 18, U.S.C., Sec. 1589 – Forced Labor; Title 18, U.S.C., Sec. 1590 – Trafficking in Forced Labor; Title 18, U.S.C., Sec. 1592 – Document Servitude; Title 18, U.S.C., Sec. 1593A – Benefitting Financially from Peonage; Title 18, U.S.C., Sec. 2 – Aiding and Abetting; Title 18, U.S.C., Sec. 1546(a) – False Swearing in Immigration Matter; Title 18, U.S.C., Sec. 1594(d), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

The grand jury charges:

<u>INTRODUCTORY ALLEGATIONS</u>

At all times relevant to this indictment:

1.    The defendants were siblings and lived at a residence they owned, located at 5155 Avenida Playa Cancun, San Diego, California 92124, in the Tierrasanta neighborhood.

CPT:nlv(3):San Diego:12/10/19

2. The defendants owned Eden Nails Lounge & Spa ("Eden"), located at 15721 Bernardo Heights Parkway, #C, San Diego, California 92128, and Majestic Nail Salon ("Majestic"), located at 15731 Bernardo Heights Parkway, Unit 102, San Diego, California 92128, both in the Rancho Bernardo neighborhood.

3. The defendants were second-cousins of "LX," a citizen of Vietnam.

4. LX traveled on a student visa from Vietnam to San Diego, California on September 4, 2014.

5. LX lived at a residence owned by the defendants, located at 11398 Via Playa De Cortes, San Diego, California 92124, in the Tierrasanta neighborhood, from approximately September 4, 2014 until June 6, 2019.

6. LX worked at Majestic from approximately September 5, 2014 to February 2018, and at Eden from approximately February 2018 until June 6, 2019.

7. LX was a student at Grossmont College in El Cajon, California from Spring 2015 through Spring 2016.

8. LX was married to defendant JASON LUU on June 20, 2015.

Count 1

[18 U.S.C. § 1594 - CONSPIRACY]

9. The Introductory Allegations contained in paragraphs 1 through 8 of this Indictment are realleged and incorporated as if set forth fully herein.

10. From on or about January 1, 2014 until on or about June 24, 2019, within the Southern District of California and elsewhere, defendants CINDY MYDUNG LUU and JASON LUU, did conspire together and

2

1 with each other, and others known and unknown to the grand jury, to
2 commit one or more of the following offenses against the United States:

3          a.    Peonage, that is, to knowingly hold or return a person
4 to a condition of peonage, in violation of Title 18, United States Code,
5 Section 1581;

6          b.    Forced Labor, that is, to knowingly obtain the labor or
7 services of a person by means of any scheme, plan, or pattern intended
8 to cause the person to believe that, if that person did not perform such
9 labor or services, that person or another person would suffer serious
10 harm, including psychological, financial, or reputational harm, that is
11 sufficiently serious, under all the surrounding circumstances, to compel
12 a reasonable person of the same background and in the same circumstances
13 to perform or to continue performing labor or services in order to avoid
14 incurring that harm, in violation of Title 18, United States Code,
15 Section 1589;

16          c.    Trafficking in Forced Labor, that is, to knowingly
17 recruit, harbor, transport, or obtains by any means, any person for
18 labor or services in violation of the Forced Labor statute (18 U.S.C.
19 § 1589), in violation of Title 18, United States Code, Section 1590;

20          d.    Document Servitude, that is, to knowingly confiscate or
21 possesses any actual or purported passport or other immigration
22 document, or any other actual or purported government identification
23 document, of another person in the course of a violation of Section 1589
24 or 1590, with intent to violate Section 1589 or 1590, to prevent or
25 restrict, or to attempt to prevent or restrict, without lawful authority,
26 the person's liberty to move or travel, in order to maintain the labor
27 or services of that person, when the person is or has been a victim of
28 a severe form of trafficking in persons, as defined in Section 103 of

3

1  the Trafficking Victims Protection Act of 2000, in violation of Title 18,

2  United States Code, Section 1592.

3  All in violation of Title 18, United States Code, Section 1594.

Count 2

[18 U.S.C. §§ 1581(a) & 2 - PEONAGE]

11.  The Introductory Allegations contained in paragraphs 1 through 8 of this Indictment are realleged and incorporated as if set forth fully herein.

12.  From on or about January 1, 2014 until on or about June 24, 2019, within the Southern District of California and elsewhere, defendants CINDY MYDUNG LUU and JASON LUU, held and returned LX to a condition of peonage; in violation of Title 18, United States Code, Sections 1581(a) and 2.

Count 3

[18 U.S.C. §§ 1589 & 2 - FORCED LABOR]

13.  The Introductory Allegations contained in paragraphs 1 through 8 of this Indictment are realleged and incorporated as if set forth fully herein.

14.  From on or about January 1, 2014 until on or about June 24, 2019, within the Southern District of California and elsewhere, defendants CINDY MYDUNG LUU and JASON LUU, did knowingly benefit, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by means of a scheme, plan, or pattern intended to cause LX to believe that, if that LX did not perform such labor or services, that LX or another person would suffer serious harm, knowing or in reckless disregard of the fact that the venture has engaged in the providing or

1  obtaining of labor or services by such means; in violation of Title 18,
2  United States Code, Sections 1589 and 2.

3                                 Count 4

4    [18 U.S.C. §§ 1590 & 2 – TRAFFICKING WITH RESPECT TO FORCED LABOR]

5       15.   The Introductory Allegations contained in paragraphs 1 through
6  8 of this Indictment are realleged and incorporated as if set forth
7  fully herein.

8       16.   From on or about, January 1, 2014 until on or about June 24,
9  2019, within the Southern District of California and elsewhere,
10 defendants CINDY MYDUNG LUU and JASON LUU, knowingly recruited,
11 harbored, transported, and obtained by any means, LX for labor or
12 services in violation of the Forced Labor statute (18 U.S.C. § 1589);
13 in violation of Title 18, United States Code, Sections 1590 and 2.

14                                Count 5

15          [18 U.S.C. §§ 1592 & 2 – DOCUMENT SERVITUDE]

16      17.   The Introductory Allegations contained in paragraphs 1 through
17 8 of this Indictment are realleged and incorporated as if set forth
18 fully herein.

19      18.   On or about on or about, January 1, 2014 until on or about
20 June 24, 2019, within the Southern District of California and elsewhere,
21 defendants CINDY MYDUNG LUU and JASON LUU, knowingly confiscated or
22 possessed actual or purported passports, immigration documents, or other
23 actual or purported government identification documents, of LX, in the
24 course of a violation of Forced Labor (18 U.S.C. § 1589), or with intent
25 to commit Forced Labor (18 U.S.C. § 1589), to prevent or restrict, or
26 to attempt to prevent or restrict, without lawful authority, LX's liberty
27 to move or travel, in order to maintain the labor or services of LX,

28

1  when LX is or has been a victim of Forced Labor (18 U.S.C. § 1589); all

2  in violation of Title 18, United States Code, Sections 1592 and 2.

3  <u>Count 6</u>

4  [18 U.S.C. §§ 1593A & 2 – BENEFITTING FINANCIALLY FROM PEONAGE]

5  19.  The Introductory Allegations contained in paragraphs 1 through

6  8 of this Indictment are realleged and incorporated as if set forth

7  fully herein.

8  20.  From on or about on or about, January 1, 2014 until on or

9  about June 24, 2019, within the Southern District of California and

10  elsewhere, defendants CINDY MYDUNG LUU and JASON LUU, did knowingly

11  benefit, financially or by receiving anything of value, from

12  participation in a venture which has engaged in an act of Peonage (18

13  U.S.C. § 1581), knowing or in reckless disregard of the fact that the

14  venture has engaged in such violation; all in violation of Title 18,

15  United States Code, Sections 1593A and 2.

16  <u>Count 7</u>

17  [18 U.S.C. § 1546(a) – FALSE SWEARING IN IMMIGRATION MATTER]

18  21.  The Introductory Allegations contained in paragraphs 1 through

19  8 of this Indictment are realleged and incorporated as if set forth

20  fully herein.

21  22.  On or about August 13, 2015, within the Southern District of

22  California, defendant JASON LUU did knowingly subscribe as true under

23  penalty of perjury under 28 U.S.C. § 1746, a false statement with respect

24  to a material fact in an application or document required by the

25  immigration laws and regulations prescribed thereunder, to wit,

26  Department of Homeland Security, U.S. Citizenship and Immigration

27  Services Form I-130, Petition for Alien Relative, that is, the defendant

28  falsely stated that he lived with LX, his spouse, since June 20, 2015,

1 | and intended to continue to live with LX, at the defendant's residence,
2 | located at 5155 Avenida Playa Cancun, San Diego, California 92124, which
3 | statement the defendant then and there knew was false, in that LX had
4 | not lived with defendant, did not intend to live with defendant, and
5 | lived at 11398 Via Playa De Cortes, San Diego, California from
6 | approximately September 4, 2014 until June 6, 2019; all in violation of
7 | Title 18, United States Code, Section 1546(a).

### FORFEITURE ALLEGATIONS

23. The allegations contained in Counts 1 through 6 above are incorporated herein for purposes of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 1594(d), and Title 28, United States Code, Section 2461(c).

24. Upon conviction of one or more of the offenses set forth in Counts 1 through 6, and pursuant to Title 18, United States Code, Section 1594(d), and Title 28, United States Code, Section 2461(c), defendants CINDY MYDUNG LUU and JASON LUU, shall forfeit to the United States: all property, real and personal, that was involved in, used in, or intended to be used to commit or to facilitate the commission of the violations and all property traceable to such property; and all property, real and personal, constituting or derived from any proceeds the defendants obtained, directly or indirectly, as a result of the violations and any property traceable to such property, including but not limited to the following: $301,636.00 in U.S. Currency.

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendants,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3)   has been placed beyond the jurisdiction of the court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be divided,

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above-forfeitable property.

All in violation of Title 18, United States Code, Section 1594(d), and Title 28, United States Code, Section 2461(c).

DATED: December 10, 2019.

A TRUE BILL:

_____
Foreperson

ROBERT S. BREWER, JR.
United States Attorney

By: _____
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney

8